Filed 12/24/15  In re Guardado CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re CHRISTOPHER GUARDADO<br><br>  on Habeas Corpus. | G052600<br><br>(Super. Ct. No. 12WF1867)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Richard Power for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.


\*          \*          \*

THE COURT: *

Petitioner, Christopher Guardado, seeks relief from the failure to file a timely notice of appeal. The petition is granted.

After entering into a plea agreement, petitioner, Christopher Guardado, was sentenced to 36 years in prison. On April 2, 2015, petitioner filed a timely notice of appeal, but did not file a request for a certificate of probable cause. According to petitioner's declaration filed under penalty of perjury, after he was sentenced by the trial court, counsel failed to explain how to file a notice of appeal and as a result, petitioner failed to request a certificate of probable cause to challenge the validity of the plea.

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant has asked counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney is under a duty to either file the notice of appeal, or tell the client how to file it himself. In this case, after Guardado was sentenced, counsel failed to explain the necessity of filing a request for a certificate of probable cause with the notice of appeal. Instead of filing the notice of appeal on Guardado's behalf, or explaining to Guardado how to correctly file the notice of appeal himself, counsel in this case did neither. Based on the principles set forth in *In re Benoit*, Guardado was entitled to advice from counsel explaining how to correctly file a timely notice of appeal and therefore he is entitled to the relief requested.

The Attorney General does not oppose Guardado's request for relief to file a late amended notice of appeal and request for certificate of probable cause without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. On petitioner's behalf, counsel is directed to prepare and file an amended notice of appeal and request for certificate of probable cause

---

* Before O'Leary, P. J., Bedsworth, J., and Thompson, J.

2

in Orange County case No. 12WF1867, and the Clerk of the Superior Court is directed to accept the amended notice of appeal and request for certificate of probable cause for filing if presented within 30 days of this opinion becoming final. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.